Good morning. Thank you. The clerk informs us that counsel in the four cases to be argued on the date calendar have signed in, so we'll proceed with dispatch to Kumar Gaines, Director of U.S. Citizen and Immigration. Good morning, Your Honor. My name is Michael Piston. I'm representing the in this matter, Rajpal Kumar. The fairly simple issue before this court is whether the filing of a withdrawal notice of a visa petition with the, quote, immigrant visa branch of a U.S. embassy affects an automatic revocation of the same, and the equally simple answer is it does not. The regulations provide that upon a written notice of withdrawal filed by the petitioner or self-petitioner with any officer of the service who is authorized to grant or deny petitions, the petition will be automatically revoked. There's no question that whoever the immigrant visa branch is, it is not an officer of the service at all. It's not even in the service, much less being, it's not in the Department of Homeland Security either, much less being, having authority to approve a visa petition. This filing requirement, would that be satisfied by mailing something to the appropriate district director or whoever of the Immigration Service? It would be satisfied by mailing it to anyone who had the authority to approve immigrant visa petitions, and that would, I believe, include district directors. But here we've got a situation where they didn't even send it to the right agency. They didn't send it, but it eventually found its way to the right agency, right? That is correct. What should they have done with it? Pardon me? What should they have done with it when it reached them? Toss it in the garbage? Exactly what they did in Amcor versus Rigid Plastics, Your Honor, rejected. That's what the agency does when they get paid, when papers are not filed with the correct office. And that's why we argue that they're judicially stopped from disputing what they argued vigorously in Amcor versus Rigid Projects, that a immigrant visa petition which is sent to the wrong office is properly rejected. Even, it must be rejected. Even though in that particular case, they did send it to a service office, but they just sent it to the wrong one. Now, the district court relied upon Auer versus Robbins to say that we should defer to the agency's interpretation. That would be an excellent argument were there an agency interpretation to defer to, but there is none. The government was unable throughout the entire proceedings below to point to anything whatsoever from the USCIS that said that it is their policy to treat a revocation sent to even the Department of State, even the National Visa Center, much less the immigrant visa branch of the consulate as constituting service upon the appropriate officer. The closest they ever— Why did your client withdraw his petition? He was having a fight with his brother. He didn't want to sponsor him anymore. The closest they came to showing anything which remotely appeared like a policy of interpreting this regulation to include service upon anybody other than a service officer was this laconic statement from somebody, not even somebody in the region, at the Nebraska Service Center says, well, sometimes people send these papers to embassies. That's all he said. Sometimes people send these papers to embassies. He didn't even say that when people send these papers to embassies, we treat that as a valid revocation. He just said sometimes people do that. So there's absolutely no evidence whatsoever that there even is a policy. As far as we can tell, as far as— Why does there need to be? Isn't the question just whether what they did in this particular case was arbitrary and capricious? Your Honor, they are relying upon— the district court relied upon Orr v. Robbins to say that this is a proper interpretation of the regulations. And in Orr v. Robbins, the Supreme Court said, we will defer to the agency— That's what the district court did. I'm asking, isn't the proper question simply whether what was done in this particular case of Mr. Kumar was arbitrary and capricious or not? I would say it's whether it's in accordance with the law. And it's certainly not in accordance with the regulation, Your Honor. And regulations are law. Thank you. You've reserved some time. Mr. Silverman. May it please the Court. I'm Matthew Silverman, Assistant U.S. Attorney in the Eastern District of New York. I represent the United States Citizenship and Immigration Services. There are several points that I think are worth mentioning. And first is that Plaintiff's counsel did not raise the issue of judicial estoppel affirmatively in his opening brief in this case. Well, whether it's judicial estoppel or not. Maybe it's whether he raised it or didn't raise it. I'm not sure I find that terribly compelling. But the problem is, if a petitioner is seeking a benefit from the agency and sends it to the wrong address, to the wrong portion of the USCIS, is Mr. Kumar's counsel wrong that you don't honor that? He is wrong. In this case, the plaintiff was not seeking a benefit here, was withdrawing a request for a benefit. In this case, right. So whatever you do, you're blocking somebody from coming to the country. If somebody petitions for an immigrant and sends it to the wrong office, you say, no, sorry, you sent it to the wrong office. But if somebody has properly filed one and then tries to withdraw it, then you'll give it effect no matter where they send it. There, in short, yes, there are different regulations and policies that apply to those situations. The Amcorp case was an application for an H-1B visa. It involves putting forward evidence in a number of forms. In this case, affecting an automatic withdrawal is very easy. And there are State Department regulations that appellant ignores at 22 CFR 42.43a, which appellant never addresses, which indicates that when the State Department, a consulate or the National Visa Center, receives a request indicating that someone is no longer entitled to a benefit, such as because they don't want it anymore, that that should be sent forward to USCIS, as was done in this case. That's also consistent with the approval instructions on the I-130, which indicate to follow up with the State Department. It's also consistent with the Foreign Affairs Manual that indicates at 9 FAM 42.43, which tracks the other regulation, that indicates that these types of requests for withdrawals should be forwarded to USCIS for action. The worst thing that plaintiff's misstated here was plaintiff indicated that USCIS, that U.S. State Department had done the withdrawal. That's just factually incorrect. State Department issued a memorandum, which is in the certified administrative record at record page three, where the first box is checked. It indicates petitioner has withdrawn the petition. It's the first box on a list of boxes indicating that this is a common scenario. They forward that to USCIS and say, this person is seeking to withdraw and USCIS will take action on this. USCIS, the authorized officials under the regulations, then take the actual action and make the decision and grant the automatic revocation. That plaintiff requested, plaintiff requested this revocation when he was represented by counsel. He did it under oath. He understood what he was doing. And he made the request expecting that it would go to an official who could act upon it. And that's what happened in this case. Appellant himself should be judicially stopped from taking a contrary position under oath in an administrative proceeding. And then coming in here today, years later and saying, you know, I changed my mind. I made up with my brother. Take me back in line. Plaintiff can reapply for this benefit, but there are priority dates. And the plaintiff is seeking to avoid those dates and to cut someone else who has been waiting on line who didn't change their mind. Mr. Solomon, the opinion of Judge Amon in the appendix is, at least in my version, is so blurred I can barely read it. But is it the case that she granted a motion for summary judgment procedurally? How is it? The judgment itself says, describes it as granting defendant's motion for summary judgment, denying plaintiff's cross motion for summary judgment. Is that accurate? That is accurate, Your Honor. So what kind of discovery did you have? There was no discovery in the case. There was a certified administrative record and there was a declaration from the agency that explained this bifurcated nature of the visa petition process. And there were no issues of facts? No, Your Honor. Okay, I just wanted to understand that. Okay, thank you very much. Thank you, Your Honor. Mr. Piston has reserved some time. I think it's very important, Your Honor, that this court get right what the district court got wrong about this request for benefits. A withdrawal of a request for benefits is defined as a request for benefits in HCFR 1.2. So this was clear. And this is significant because the regulation pertaining to rejection of documents say, we'll reject requests for benefits. And the court below is under the impression that withdrawing something was not a request for benefits. But HCFR 1.2 says, benefit request means any application, petition, motion, appeal, or other request relating to an immigration or naturalization benefit. So withdrawing something is certainly a request and it certainly pertains to an immigration naturalization benefit. I'm more perplexed by AMCOR than I am by this case. It seems to me that it's remarkable that the agency would take a position that if somebody sends something in and they just send it to the wrong place and it eventually gets to the right place, that it should be disregarded by the officer. When it clearly was intended to seek whatever relief is being sought, this seems perfectly reasonable. We practitioners get nailed by this every day, Your Honor. This is what they do all the time. And we cited many cases in our case below of cases rejected by the Administrative Appeals Office because they've been filed in the wrong location. We only cited that because rejections are generally not published, but the AO does publish its rejections. And the AO, every time you send the notice of appeal to the wrong agency, they reject it. Thanks very much, Mr. Peter. We'll reserve the decision and we'll turn.